IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY CAMERON, AIS # 105591 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:06-CV-1115-MHT |
| | ) |
| RICHARD ALLEN, ET AL., | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

STATE OF ALABAMA

MONTGOMERY COUNTY

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Richard Allen, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Richard Allen. I am presently employed as Commissioner of the Alabama Department of Corrections. I am over twenty-one (21) years of age.

I do not know the Plaintiff in this matter and to my knowledge have not had any contact with him. As Commissioner, I do not control the daily operation of Bullock Correctional Facility or other various institutions of the Department, and had no involvement in the alleged incident. Also, as Commissioner, I do not make decisions regarding medical treatment for inmates, and do not attempt to intercede, overrule, or influence any decisions made by medical personnel regarding medical treatment for inmates.



DEFENDANT'S EXHIBIT "A"

<u>JIMMY CAMERON # 105591 VS. RICHARD ALLEN, ET Al.</u>
<u>CIVIL ACTION NO. CV-06-1115</u>

Page 2

I deny that I have violated the Plaintiff's constitutional rights in any way.

*[signature]*
Richard Allen
Commissioner

**SWORN TO AND SUBSCRIBED** before me this 2nd day of January 2007.

*[signature]*
NOTARY PUBLIC

3/31/08
MY COMMISSION EXPIRES

THE UNITED STATES DISTRICT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISON

| | |
|---|---|
| JIMMY FRANK CAMERON,<br>AIS #105591 | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACT. NO. 02:06-CV-1115-MHT<br>) |
| COMMISIONER RICHARD ALLEN,<br>et al., | )<br>)<br>) |
| Defendants. | ) |

## SPECIAL REPORT

**COMES NOW** the Defendant, by and through counsel, and files this Special Report by submitting the following:

### PLAINTIFF'S ALLEGATIONS

1. The Plaintiff, Jimmy Frank Cameron (AIS# 105591) is an inmate in the Bullock Correctional Facility located in Union Springs, Alabama. Cameron alleges that while he was housed in Bullock Correctional Facility, Commissioner Allen, and members of the medical provider, Prison Health Services (PHS) have denied and are denying him adequate medical treatment. The Plaintiff seeks injunctive relief and monetary damages (See Complaint). The Plaintiff amended his Complaint and alleges further denial of medical care by PHS (Doc. No 11).

2. As directed, the Defendant has undertaken a review of the Plaintiff Cameron's claims to determine facts and circumstances relevant thereto. At this time, the Defendant is submitting this Report, which is supported the Affidavit of Richard F. Allen Commissioner of Department of Corrections (see Exhibit "A").

**DEFENDANTS**

1. Commissioner Richard F. Allen, ALDOC, 601 S. Perry St., Montgomery, AL.

2. Dr. Sidding (sp?), PHS,

**DEFENSES**

The Defendants assert the following defenses to the Plaintiff's claims:

1. The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. The Plaintiff is not entitled to any of the relief requested.

5. The Defendants plead the defense of qualified immunity and aver that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

6. The Defendants are entitled to qualified immunity and avers it is clear from the face of the complaint that the Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7. The Defendants cannot be held liable on the basis of *respondent superior,* agency, or vicarious liability theories.

8. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

9. The allegations contained in the Plaintiff's Complaint against the Defendant, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.

2d 1481, 1485 (11th Cir. 1992); <u>Arnold v. Board of Edu. Of Escambia County,</u> 880 F. 2d 305, 309 (11th. 1989).

10. The Defendants plead all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. The Defendants were at all times acting under the color of state law and therefore, they are each entitled to substantive immunity.

12. The Defendants plead the general issue.

13. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

14. All claims of Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

15. The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff.

16. The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

17. The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

18. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

19. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

20. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court

21. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

## ARGUMENT

The Plaintiff (hereinafter referred to as "Cameron") sues Defendants Allen, Commissioner of the Alabama Department of Corrections assumingly, on a potential § 1983 theory that he has failed to provide adequate medical care (See Complaint and Motion to Amend Complaint). If so, then the language of 42 U.S.C.§ 1983 requires proof of a causal connection between the purported actions or omissions of this defendant and any constitutional deprivation. Jones v. Pruett & Mauldin, 851 F. 2d 1321 (11th Cir. 1988). The requisite causal connection may be shown by the personal participation of these defendants, a policy or custom established by these defendants that resulted in a deliberate indifference to the plaintiff's decedent's rights or breach of a duty imposed by state or local law. Zatler v. Wainwright, 802 F. 2d 397 (11th Cir. 1986). Cameron's complaint fails to specifically allege that this defendant had the ability to provide medical care for Cameron. Further, the complaint fails to allege a causal connection between the purported custom or policy and alleged damages of Cameron.

4

Further, to the extent that Cameron has sued Allen in his official capacity, he is an employees of the State of Alabama and cannot be held liable in damages in his official capacity, for his own acts or those of his employees because they enjoy Eleventh Amendment immunity. Such officers are entitled to dismissal of any claims for damages brought against them in their official capacities as state officials. The United States Supreme Court has said:

> [T]here can be no doubt, however, that suit against the Sate and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L.Ed. 2d 662(1974); Ford Motor Co. v. dept. of treasury, 323 U. S. 459, 65 S. ct. 347, 89 L. Ed 2d 389 ( 1985)

To the extent that Cameron has sued these defendants in their official capacities, the suit is against the state. These defendants are absolutely immune from suit.

Cameron apparently alleges that Allen is somehow liable when the medical provider purportedly failed to do what he wanted them to do. Allen denies the allegations of the complaint against them and suggest that the Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)); see also Whitley v. Albers, 475 U.S. 312, 327 (1986) (holding that Rthe Due Process Clause affords . . . no greater protection0). While R[t]he Constitution 0does not mandate comfortable prisons,N0 it does not Rpermit inhumane ones.0 (Id.) (internal citations omitted). The Eighth Amendment requires prison officials to provide Rhumane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 0take reasonable measures to guarantee the safety of the inmate.0(Id.) (quoting Hudson v. Palmer, 468 U.S. 517, 526-57 (1984). However, not Revery governmental action affecting the interest or well-bring of a prisoner0 is to be scrutinized by the courts; rather, R[a]fter incarceration, only the

5

unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley, 475 U.S. at 319 (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)) (internal quotation marks omitted). The government has an obligation to provide medical care to those it incarcerates. See Estelle v. Gamble, 429 U.S. 96, 103 (1976). Deliberate indifference to the serious medical needs of inmates constitutes the "unnecessary and wanton infliction of pain" prohibited by the Constitution. (Id. at 104) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). In Estelle, the Supreme Court held that a prison physician's "negligen[ce] in diagnosing or treating a medical condition" was not sufficient to establish a claim of deliberate indifference under the Eighth Amendment. 429 U.S. at 106. Medical malpractice is not a constitutional violation simply because the victim is a prisoner (Id.).

The inmate must establish acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs." (Id.) (see also McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). The Supreme Court noted in Estelle that the plaintiff's primary allegation was that "more should have been done" to diagnose and treat a back injury (Id. at 107). Clearly, Cameron wants to become the doctor in this matter and advise what treatment is medically necessary for him. Simply, Cameron suggests that the medical staff "ought to have done things differently", and thus, he completely fails to prove any deliberate indifference on the part of Allen who does not control the day to day operations at Bullock Correctional facility and does not intercede, overrule or influence any decision of the medical provider, PHS ( see Exhibit 'A'). In Estelle, the Court explained, "a medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." (Id.) Deliberate indifference to an inmate's serious medical needs "is shown when prison officials have prevented [him] from receiving recommended treatment or when an inmate is denied access

6

to medical personnel capable of evaluating the need for treatment." Ancata v. Prison Health Services, Inc., 769 F.2d 700, 704 (11th Cir. 1985). There is absolutely no evidence that Allen has prevented Cameron from getting his medical treatment but rather there is a wealth of evidence that Cameron is getting medical care (Exhibits "A"). This actions or Allen do not amount to cruel and unusual punishment or deliberate indifference.

The Supreme Court rejected a purely objective test for deliberate indifference, adopting instead a standard which includes both objective and subjective components.

> "We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference. An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment". Farmer, 511 U.S. at 837-838 (internal citations omitted).

"It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring control over a tumultuous cellblock." Whitley, 475 U.S. at 319; see also Campbell v. Sikes, 169 F.3d 1353, 1364 (11th Cir. 1999) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996).

A plaintiff must satisfy both an objective and a subjective inquiry in order to establish that a prison official acted with deliberate indifference. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Adams v. Page,

7

61 F.3d 1537, 1543 (11th Cir. 1995)). The objective component is met by providing evidence of a serious medical need (Id.). The subjective component requires showing that the official acted "with an attitude of 'deliberate indifference' to that serious medical need." (Id.). Thus, Cameron must show that Allen was knowledgeable of the alleged specific failures of medical treatment and then, with that knowledge, Allen acted with an attitude of deliberate indifference. Cameron cannot do this.

In the Eleventh Circuit, a serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) (internal quotation marks and citations omitted). The medical need must be "one that, if left unattended, pos[es] a substantial risk of serious harm." Farrow, 320 F.3d at 1243 (internal quotation marks and citations omitted). The Eleventh Circuit has recognized a range of conditions that are sufficient to constitute a "serious medical need" for the purposes of the Eighth Amendment. Adams v. Poag, 61 F.3d 1537, 1539-41, 1543 (11th Cir. 1995) (holding that asthma, with continual breathing difficulties and intermittent wheezing, coughing, and hyperventilating can constitute a serious medical need); Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (finding that a painful broken foot can be a serious medical need); and Aldridge v. Montgomery, 753 F.2d 970, 972-73 (11th Cir. 1985)(stating that a one-and-a-half-inch cut over the detainee's eye which was bleeding for two and a half hours was a serious medical need); with Shabazz v. Barnauskas, 790 F.2d 1536, 1538 (11th Cir. 1986) (holding that the inmate's "shaving bumps," even if shaving is required by prison officials and is ordered by the physician, "does not rise to the level of the cruel and unusual punishment forbidden by the Eighth Amendment"); and Dickson v. Colman, 569 F.2d 1310, 1311 (5th Cir. 1978) (determining that

the inmate's high blood pressure did not present a "serious threat" to his health). Although the medical condition of Cameron is admittedly a serious one, the proof needed for deliberate indifference by Allen must arise to the level that he was specifically aware of the medical staffs' purported failures and thereafter, refused to respond to the same. Of course, there is absolutely no evidence of this.

To violate the Cruel and Unusual Punishments Clause, Allen must have a "'sufficiently culpable state of mind,'" and in cases such as this, "that state of mind is one of 'deliberate indifference' to inmate health . . . ." Farmer, 511 U.S. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)). "[O]nly the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley, 475 U.S. at 319 (quoting Ingraham, 430 U.S. at 670 (quoting Estelle, 429 U.S. at 103)) (internal quotation marks omitted). "[A]n official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11th Cir. 1997). Liability may only be imposed for deliberate indifference if Cameron proves that Allen actually knew of "an excessive risk to his health or safety" and disregarded that risk. Campbell, 169 F.3d at 1364 (quoting Farmer, 511 U.S. at 837). Cameron must prove that Allen had the necessary mental culpability to be deliberately indifferent. He has utterly failed to do so. His claims are conclusory and do not show acts or omissions of Allen which rise to the level of deliberate indifference to Cameron. On the contrary, Cameron's evidence has demonstrated that he received reasonable medical care on a daily basis. At the end of the day, Cameron can only argue that things should have been done differently.

## IMMUNITIES

Allen is entitled to qualified immunity from all claims asserted by Cameron in this case. If Cameron was able to show in someway that any defendant was acting in his discretionary authority, the burden then shifts to Cameron to show that the defendant violated clearly established law based upon objective standards.  See Eubanks v. Gerwin, 40. F. 3d 1157, 1160(11th Cir. 1994).  Clearly, Cameron has not done so. Cameron must allege that any or all defendant violated a right clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F. 2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part , rec'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. Vonstein v. Brescher, 904 F. 2d 572, 579 (11th Cir. 1990) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S, Ct. 3034, 3039(1987).

Initially, the Defendant would note that "[C]entral to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves." Pell v. Procunier, 417 U.S. 817, 823, 94 S.Ct. 2800, 41 l.Ed.2d 495, 502 (1974)

> [t]he management by a few guards of large numbers of prisoner, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force.  Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.

Johnson v. Glick, 481 F.2d 1028, 1033 cert denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

## **CONCLUSION**

The Plaintiff's complaint is due to be dismissed on its face, and is, further, disproved by the evidence now before the Court. Accordingly, the defendants request that this Honorable Court either dismiss the Plaintiff's Complaint, with or without prejudice, or enter a judgment in his favor.

Respectfully submitted,

KIM T. THOMAS
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL


/s/GREG BIGGS (BIG004)
GREG BIGGS (BIG004)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL


**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL  36130
(334) 353-3885

**CERTIFICATE OF SERVICE**

    I do hereby certify that on the 6th of February, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

    And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

Inmate Jimmy Frank Cameron
AIS # 105591
Bullock Correctional Facility
P.O. Box 5107
Union Springs, AL. 36089-5107


                                           /s/Greg Biggs
                                           Greg Biggs
                                           Assistant Attorney General
                                           Assistant General Counsel