IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON (AIS# 105591) § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:06-CV-1115-MHT |
| § | |
| § | |
| RICHARD ALLEN, et al. § | |
| § | |
| Defendants. § | |
| § | |

## DEFENDANTS PRISON HEALTH SERVICES, INC. AND TAHIR SIDDIQ, M.D.'S RESPONSE TO COURT ORDER DATED APRIL 19, 2007

COME NOW Defendants, Prison Health Services, Inc. (hereinafter "PHS") and Tahir Siddiq, M.D. (identified in Plaintiff's Complaint as "Doctor Siddiq") in response to this Honorable Court's Order of April 19, 2007 and present as follows:

### I. INTRODUCTION

On December 19, 2006, Plaintiff filed a Complaint against PHS, the company that currently contracts with the Alabama Department of Corrections to provide healthcare to inmates at Bullock County Correctional Facility, and Tahir Siddiq, M.D., Bullock's Medical Director, alleging that these Defendants have violated his constitutional rights by denying him appropriate medical treatment for a back condition. (See Complaint, as Amended). The Plaintiff began his incarceration at Bullock County Correctional Facility on October 24, 2006. (See Affidavit of Tahir Siddiq, M.D., attached to Special Report as Exhibit "B").

On February 28, 2007, these Defendants filed an Answer and Special Report to the Plaintiff's Complaint, as amended, in the above matter pursuant to Court Order. (See Court Doc. No. 22 & 23). These Defendants argued therein, in part, that the Plaintiff's Complaint, as amended, was due to be dismissed since Plaintiff failed to exhaust those administrative remedies available to him at Bullock prior to filing suit as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (See Court Doc. No. 22).

On March 1, 2007, the Court issued an Order directing these Defendants to file a supplement to their pending Special Report identifying (1) the administrative remedy available to the Plaintiff, (2) the procedural rules governing the administrative remedy, and (3) those procedures the Plaintiff has failed to undertake with regard to his claims against the Defendants. (See Court Doc. No. 24).

The Defendants responded to this Order by filing a timely Supplemental Special Report with the Court which was supported by the Affidavit testimony of Brandee Player, H.S.A., Bullock's Health Services Administrator. (See Court Doc. No. 31). H.S.A. Player has testified that the Plaintiff failed to exhaust all administrative remedies available to him at Bullock with regard to the treatment provided by these Defendants prior to filing suit on December 19, 2006. (Id.) Specifically, H.S.A. Player has testified that prior to filing suit, the Plaintiff did not file an Inmate Formal Grievance Form or an Inmate Grievance Appeal Form with the Healthcare Unit as contemplated within Bullock's informal grievance procedure. (Id.)

On April 18, 2007, the Plaintiff filed a "Motion to Leave To Amend with New Declaration Under 28 U.S.C. 1746" which the Court interpreted as responsive to

Defendants' Supplemental Special Report. (See Court Doc. No. 43). As an exhibit to this Motion, the Plaintiff filed an unsigned Affidavit stating that he has "filed every Grievance form and Complaint forms That are Available To him in These matter's." (Id.) The Plaintiff filed a follow-up Motion entitled "Motion to Amend Rebuttal of Defendants Special Report with Proof" which was supported by a number of exhibits. (Id.) The exhibits attached to Plaintiff's Motion are informal grievance forms that were submitted to the Health Care Unit at Hamilton A&I Center between June 29, 2006 and September 6, 2006.[1] (See Court Doc. No. 46-2 and Affidavit of Brandee Player, attached hereto as Exhibit "A"). The grievance forms submitted by Plaintiff as exhibits to Defendants' Supplemental Special Report were not submitted to the Health Care Unit at Bullock where he has alleged to have received inappropriate treatment by these Defendants. (See Court Doc. No. 1 and No. 11 and Id.).

On April 19, 2007, the Court directed these Defendants to respond to Plaintiff's declaration that he has exhausted Bullock's Informal Grievance Procedure. (See Court Doc. No. 45).

## II.    RESPONSE TO COURT ORDER

In response to this Court's Order of March 1, 2007, the Defendants submitted the Affidavit testimony of Brandee Player, H.S.A., Bullock's Health Services Administrator. (See Court Doc. No. 31). H.S.A. Player has testified that the Plaintiff failed to exhaust Bullock's informal grievance procedure prior to filing suit against these Defendants for allegations concerning inappropriate medical treatment at Bullock. (Id.) In response, the Plaintiff filed with the Court a number of grievances submitted to the Health Care Unit at Hamilton (not Bullock) regarding his perception of mistreatment by medical

---

[1] Hamilton A&I Center is a separate correctional facility from Bullock.

3

professionals at that particular facility. (See Court Doc. No. 46-2). It appears that the grievances submitted to the Court address concerns the Plaintiff has with a number of unknown healthcare providers at Hamilton identified as "Dr. Moiser," "Dr. Mark," "the second shift nursing staff," "Dr. Sann," Mrs. Sizemore," "Dr. Sonnier," and "the DON." (See Ex. "A"). None of the grievances presented as exhibits to Plaintiff's Motion address his concerns with regard to the Defendants or any other healthcare provider at Bullock. (Id.) Moreover, those grievances submitted by the Plaintiff to Hamilton's Health Care Unit were submitted before the Plaintiff began his incarceration at Bullock County Correctional Facility in October, 2006. (See Affidavit of Tahir Siddiq, supra.)

As presented to the Court through H.S.A. Player's Affidavit testimony, the Plaintiff has failed to exhaust Bullock's informal grievance procedure prior to filing suit against these Defendants, for claims alleged. (See Court Doc. No. 31). As such, the Plaintiff's lawsuit is due to be dismissed pursuant to the PLRA, 42 U.S.C. § 1997e(a). The Plaintiff may not avoid application of the PLRA by submitting to the Court as exhibits informal grievances he submitted to the healthcare unit at Hamilton regarding individuals who are not Defendants to this action.

Respectfully submitted,

*s/ R. Brett Garrett*
R. BRETT GARRETT (GAR085)
Attorney for Prison Health Services,
Inc. and Tahir Siddiq, M.D.

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: bg@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certified that I have mailed via U.S. mail, properly addressed and first-class postage prepaid, the foregoing document this 7th day of May, 2007 to the following:

Jimmy Frank Cameron (AIS # 105591)
BULLOCK CORRECTIONAL FACILITY
P.O. Box 5107
Union Springs, AL 36089-5107

                                                    *s/ R. Brett Garrett*
                                                    Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON (AIS# 105591) § § § Plaintiff, § § v. § 2:06-CV-1115-MHT § § RICHARD ALLEN, et al. § § Defendants. § § | |

### AFFIDAVIT OF BRANDEE PLAYER, H.S.A.

BEFORE ME, Justine B. Person, a notary public in and for said County and State, personally appeared **BRANDEE PLAYER, H.S.A.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

"My name is Brandee Player. I am over the age of twenty-one and am personally familiar with all of the facts set forth in this Affidavit. I hold a Master's Degree in Health Services Administration from Barry University in Miami Shore, Florida. Since November 6, 2006, I have been employed as Health Services Administrator (H.S.A.) for Bullock County Correctional Facility located in Union Springs, Alabama by Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

It is my understanding that the Plaintiff has filed with the Court copies of certain informal grievances attached as exhibits to a Motion responding to Defendants' Supplemental Special


DEFENDANT'S EXHIBIT A

Report. It is my belief in reviewing these grievances that they were submitted by the Plaintiff to Hamilton A & I Center's Health Care Unit between June 29, 2006 and September 8, 2006. Hamilton A & I is located in the City of Hamilton, Marion County, Alabama. Jane Sizemore, R.N., Hamilton's former H.S.A., reviewed and responded to these grievances. H.S.A. Sizemore has never been employed at Bullock County Correctional Facility.

Further affiant sayeth not.

_____
BRANDEE PLAYER, H.S.A.

STATE OF ALABAMA           )
                           )
COUNTY OF Bullock          )

Sworn to and subscribed before me on this the __1st__ day of __May__, 2007.

_____
Notary Public

My Commission Expires:
2/24/2009

2