IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, #105591, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-1115-MHT |
| | )                              [WO] |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Jimmy Frank Cameron ["Cameron"], a state inmate and frequent litigant in this court, challenges the failure of medical personnel at the Bullock County Correctional Facility ["Bullock"] to provide him decompression therapy for pinched nerves in his back. On June 25, 2007, Cameron again filed a motion for retaliatory injunction in which he makes the conclusory assertion that correctional officers issued behavior citations to him in retaliation for his legal activities. The court therefore construes this document as a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court ...." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites Cameron must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat

of irreparable injury without the injunction; (3) that the harm to Cameron outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II. DISCUSSION

In his motion for preliminary injunction, Cameron challenges adverse actions taken against him by correctional officials since initiation of this cause of action. The evidentiary materials submitted by the plaintiff demonstrate that he received behavior citations for having items of contraband in his possession. Cameron seeks issuance of an injunction that

2

prevents any further adverse actions which he deems are harassment. *Court Doc. No. 62 at 1.*

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Cameron has proven a substantial likelihood of success on the merits. Having reviewed Cameron's request for preliminary injunctive relief and relevant evidentiary materials filed by defendants in several cases filed by Cameron, the court concludes that Cameron has failed to carry his burden. Other than self-serving, conclusory allegations of constitutional violations, Cameron presents no proof or objective evidence that the actions about which he complains violated or are now violating his constitutional rights. Essentially, the court has nothing other than Cameron's mere conclusions of law and unsupported factual allegations as to whether the actions challenged in his motion for preliminary injunction ran afoul of the Constitution. Cameron has therefore failed to establish a substantial likelihood of success on the merits.

Cameron also fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. As noted, Cameron provides no proof or objective evidence in support of his allegations concerning the actions about which he complains. The third factor, balancing potential harm to the parties, is basically a neutral factor at this juncture. Finally, the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest. Thus, Cameron has failed to meet his burden of demonstrating the existence of each prerequisite necessary

to warrant issuance of a preliminary injunction.[1]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on June 25, 2007 (Court Doc. No. 62) be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before July 9, 2007 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d

---

[1] The plaintiff is advised that if he seeks to challenge the alleged retaliatory actions referenced in his motion for preliminary injunction he may do so by filing a 42 U.S.C. § 1983 action against the proper defendants at the Bullock County Correctional Facility and a 28 U.S.C. § 2241 petition for habeas corpus relief against members of the Alabama Board of Pardons and Paroles.

1206 (11ᵗʰ Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 26th day of June, 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE